Filed 1/29/16  P. v. Archuleta CA6
Received for posting 2/1/16

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042018 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1474399) |
| v. | |
| JOHN ARCHULETA, | |
| Defendant and Appellant. | |

Defendant John Archuleta pleaded no contest to failing to register as a sex offender with a felony conviction (Pen. Code § 290.015, subd. (a))[1] and admitted one prior strike (§ 667, subds. (b)-(i)/1170.12) and five prior prison terms (§ 667.5, subd. (b)). Following the denial of defendant's *Romero* motion[2] to dismiss the prior strike conviction, the court sentenced defendant to 44 months in prison and imposed various fines and fees.

Defendant's counsel filed an opening brief in which no issues are raised and asked this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  We notified defendant of his right to submit a written argument on his own behalf, but he has not done so.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

After independent review of the record, we conclude that there are no arguable issues on appeal. As required by *People v*. *Kelly* (2006) 40 Cal.4th 106, 110, we will provide "a brief description of the facts and procedural history of the case, the crimes of which defendant was convicted, and the punishment imposed." We will further include information about aspects of the trial court proceedings that might become relevant in future proceedings. (*Id*. at p. 112.)

## I.   FACTUAL AND PROCEDURAL BACKGROUND[3]

Defendant was released from prison on parole on December 10, 2013. He failed to report to the San Jose Division of State Parole within three days, as directed.

A felony complaint filed in Santa Clara County on January 28, 2014, alleged defendant had failed to register as a sex offender with a felony conviction in violation of section 290.015, subdivision (a). Defendant was required to register because he was adjudicated of violating section 288, subdivision (a) and committed to the California Youth Authority as a juvenile. The felony complaint further alleged that defendant had one prior conviction for attempted robbery (§§ 664, 211, 212.5, subd. (c)) that qualified as a strike under sections 667, subdivisions (b) to (i), 1170.12, subdivision (c). It also alleged that defendant had served five prior prison terms within the meaning of section 667.5, subdivision (b).

Defendant committed the prior strike offense of attempted robbery in 1997 when he attempted to steal a 15-year-old's backpack. Between committing that offense and the current offense, he was convicted of seven felonies and one misdemeanor. His criminal history includes three convictions for failure to register as a sex offender, two convictions for taking a vehicle without the owner's consent, two convictions for possessing or manufacturing or selling a dangerous weapon, and convictions for possession of stolen property and battery.

---

[3] The factual background is taken from the probation officer's report.

2

A warrant for defendant's arrest was issued on January 28, 2014. He was arrested in Nevada on March 27, 2014 and transported to Santa Clara County.

Defendant pleaded no contest to failing to register in violation of section 290.015, subdivision (a). He also admitted the strike prior and prison priors alleged in the felony complaint. Defense counsel indicated at the time of the plea that defendant would be filing a *Romero* motion.

On December 2, 2014, the trial court found that "psychiatric information regarding the defendant [was] needed by the defendant's attorney in order to advise the defendant whether to enter or withdraw a plea based on insanity or to present a defense based upon mental or emotional condition." Therefore, it appointed a psychotherapist to examine defendant pursuant to Evidence Code section 1017. No motion to withdraw the plea ever was filed.

Defendant filed a *Romero* motion to dismiss his strike prior. Following briefing and a hearing, the court denied the *Romero* motion on December 19, 2014. In doing so, the court acknowledged that the registration requirement arose from something that occurred when defendant was a juvenile, that the strike prior was "remote," and that the current offense was not serious or violent. However, the court concluded that dismissing the strike prior was not warranted given defendant's "significant criminal history" and his repeated failure to register.

Also on December 19, 2014, the court sentenced defendant to 44 months in prison. The sentence consists of the low term of 16 months for failing to register as a sex offender with a felony conviction, doubled due to the strike to 32 months, plus 12 months on one of the prison priors. (§§ 290.015, subd. (b), 667, subd. (e)(1), 667.5, subd. (b).) The trial court struck additional punishment pursuant to section 1385. The court also imposed the following fees and fines: a $280 restitution fine under section 1202.4, subdivision (b); a $40 court security fee under section 1465.8; a $30 criminal conviction assessment under Government Code section 70373; and a $259.50 criminal justice

administration fee payable to Santa Clara County.  The court also imposed and suspended a $280 parole revocation fee under section 1202.45.  Defendant did not object to any of the fines or fees.

Defendant timely appealed on February 17, 2015.

**II.   DISCUSSION**

Having examined the entire record, we conclude that there are no arguable issues on appeal.

**III.   DISPOSITION**

The judgment is affirmed.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.


_____

MIHARA, J.